with the first case on the docket, and that is United States v. De Jesus-Melendez. So Mr. Kirshner, you have requested three minutes for rebuttal. Yes, Your Honor. So that gives you seven minutes out of the gate. You may proceed. Thank you. Thank you, Your Honors. Good morning. And Joshua Kirshner for the defendant appellant, Bryant Xavier De Jesus-Melendez. May it please the Court. This Court should vacate Mr. De Jesus-Melendez's sentence and remand his case for resentencing as the District Court failed to provide a sufficiently reasoned explanation for imposing an above-guideline sentence ordered to be served consecutive to a state sentence for the same offense. Well, the guidelines recommend a consecutive sentence, right? Yes, they recommend. I mean, so that's a norm. The default would ordinarily be a consecutive sentence. Again, it's not statutory. It's not a mandatory thing, I guess. Yes, it's a policy statement. But it was ordered, and it's essentially turned into a two-year sentence. Hold on one second, and we'll give you whatever time you need. Good? All right, proceed. Okay. Also, recently in Esteras v. the United States, the Supreme Court in June of this year held that District Courts may not consider retribution in sentencing a violation of supervised release. Here, the District Court impermissibly relied exclusively on the factors constituting retribution in its reasoning for imposing the above-guideline sentence. I don't think that's what the District Court did. The District Court was concerned that the current violation consisted of a serious offense, and it was disturbed that it seemed to be the same offense for which he had been convicted previously. It was like, you know, the defendant hasn't learned anything. He needs to learn something. He needs to learn from his past mistakes. It's a forward-looking, it was a forward-looking decision, not retribution for his past crime. I don't see that the new case has any bearing. Your Honor, I respectfully, and I'll quote from A50 to 51, and for reasons I don't understand, that message has not gotten through to the defendant. I don't know why. That's a statement about specific deterrence, right? One would think that a five-year sentence of imprisonment would have been sufficient to deliver the message, but the message has not gotten through. So the consequences of deciding to go back to that conduct, they have to be severe to ensure that the message is delivered. That's all the language of specific deterrence, isn't it? Your Honor, I would say that's more promoting respectful law. He's sending a message. He's not saying that I am imposing the sentence so the defendant cannot commit this crime again at all. And additionally, nowhere in the district court's recitation of its reasons for sentencing did the court mention deterrence, rehabilitation, or incapacitation. Simply, it... Well, sending a message is deterrence, isn't it? What else would it be? I think it's promoting respect for the law. And, you know, it's the need for a severe... So the consequences of deciding to go back to the conduct... But promoting respect for the law is different from retribution. Excuse me? I mean, promoting respect for the law is an objective of sentencing. Your view is that promoting respect for the law is the same as retribution? It's under asterisks. That's one of the reasons that is not included in the valid reasons for imposing sentence on a violation of... Asterisk is about retribution for the underlying criminal offense. So in other words, if the judge said, well, I'm going to impose a longer term of supervised release because the crime that you committed the first time, that is the crime of conviction that makes this a federal case, was really serious and it's important that I give you a hefty sentence for a violation because of that underlying offense. That would be retribution. That's what asterisk is talking about, right? Asterisk is talking about that, but it's more expansive and it goes beyond that in that it says that... I'm not quoting, but this is that retribution as a basis for sentencing in violation of supervised release should not consider retribution, sorry, and instead focus on the permissible sentencing theories of deterrence, incapacitation and rehabilitation. And that's the underlying reason for the asterisk. That's exactly what the district court did here. Why do you say it was focusing on retribution for the first crime? It was focusing on getting the message across to the defendant that he's got to shape up and observe the law. It's not just retribution for the first time. It's retribution as an overall umbrella, which includes promoting respect for the law, which is... Why are you saying that asterisk means that the district court is not allowed to consider the seriousness of the new offense? That's just not a reasonable interpretation of the new case, of asterisk. It does exclude that as a reason for sentencing on a violation of supervised release. As opposed to a plenary sentencing in which obviously that's one of the primary factors. But asterisk says retribution for the underlying criminal conviction. That's not... That's focused on retribution for the original offense of conviction that makes it a federal case, not the conduct that is the violation. Right? I read it a little bit more extensively, but even under Your Honor's reading of it, asterisk... This court in this sentence repeatedly referred to the fact that he did this sentence... He did this similar offense previously, and that's why I'm going to send that message that's going to get through and therefore make him... It's promoting respect for the law. It's not a general or specific deterrence. The court does not talk about that at all. It's not incapacitation. There's certainly no mention of rehabilitation. How is it not specific deterrence when the court said, you know, you went through a period of time and now you decided to go back to possession of drugs and a weapon, a loaded firearm? How is that not specific deterrence to deter the repeat of that conduct in the future? Specific deterrence is trying to fashion a sentence in which the person cannot commit that crime. It takes them away from the ability of doing that. This person... No, that's incapacitation, I think. I mean, this is specific deterrence to send a message. Here, the court is just saying, I am going to sentence you to the following because I'm sending you a message. I'm not trying to deter future conduct. Right. Because deterrence, a sentencing judge when considering deterrence can consider general deterrence as a message to others and specific deterrence as to this particular defendant. But let me ask you, I have a couple of questions of clarification. My reading of your brief, you agree or seem to concede that as far as your procedural reasonableness, your procedural challenge to the sentence is subject to plain error review? Yes, Your Honor. I did not object. And then my second question is in your brief, you seem to suggest that this gentleman received the Connecticut State Court sentence of five years execution suspended after one year, five years of probation. And your brief said he was served day for day. My experience in the state of Connecticut is you generally serve less than 50% of the suspended portion of your sentence. Now, the government's brief said he was still serving his sentence and they cite the website that shows convictions, but that doesn't tell us whether he's actually incarcerated in the state of Connecticut. That just shows a prior conviction. I'll ask them what they were basing that information on. Is your client still serving his sentence? No, he completed his state sentence. He's now in federal custody and he's begun his one-year consecutive sentence. And did he serve a full year in the state court? Yes. Is that because of the federal detainer and not because of the state court system? My understanding in speaking to his state court attorney was that the one year was to be served day for day. And if I'm correct, based on his transfer into federal custody, it occurred on or about one year from when he went into custody, which was August 20th of that year. Okay. I was surprised by that because that's not my experience, is that the suspended portion of the sentence, you don't wind up serving most of it. In fact, unless it's a crime of violence, which is subject to 85%, you only serve less than that. But he may have been the federal detainer that would have triggered the day for day. I don't know. Thank you. But he's in custody, so there's no question that- Yes, he's in custody, he's in the MDC. All right. Well, you reserved three minutes for rebuttal, Mr. Kirshner. So we'll now hear from Mr. Rosenberg and we'll hear back from you in a bit. Thank you. Thank you. Okay, Mr. Rosenberg. May it please the court, Joseph Rosenberg for the United States. I represented the government in the district court and on this appeal. While he was on supervised release for a conviction involving guns and drugs, the appellant was arrested in Connecticut with a loaded gun and drugs. Based on those uncomplicated, undisputed, and straightforward facts, Judge Gardefee revoked the appellant's term of supervised release and imposed a sentence of one year in prison. That sentence was reasonable and because Judge Gardefee- Two months over the top of the guidelines range. Yes, Your Honor. Judge Gardefee varied two months above the top of the guidelines range, which was four to- It was 12 months on the nose, not 12 months in a day, right? In fact, Judge Gardefee overruled a request from defense counsel for that amendment of the didn't err, much less plainly err in imposing that sentence. This court should affirm the judgment of conviction. Just turning briefly to your question, Judge Kahn, at the time the government wrote its brief and submitted its brief, Mr. DeJesus Melendez, it's my recollection, was in custody in Connecticut. Was that based on a check of the Department of Corrections records or the judicial website which just lists the conviction in the It was based on both the website that we cited in the brief and also, as I'm recalling here standing right now, I communicated with someone in the Department of Corrections in Connecticut. Further to Your Honor's question, the federal BOP website, which I looked at a few days ago before this argument, indicates that Mr. DeJesus Melendez is in federal custody and has a release date in August of 2026, which indicates that he probably did serve a year on the dock in Connecticut. Thank you. I'm happy to answer any of the court's questions about Asteris or otherwise, but if the court has none, then the government is prepared to rest on its brief. All right. Thank you, Mr. Rosenberg. Mr. Kirshner, you're back sooner than we thought. Thank you. Very briefly, Your Honor, I just want to go back to Asteris. In the very beginning of the opinion on 2036, Justice Barrett writes, we disagree. Congress's decision to enumerate most of the sentencing factors while omitting 3553, sub a, sub 2, sub a, raises a strong inference that the courts may not consider that factor when deciding to revoke a term of supervised release. No, I don't think there's any question. Yeah. And that factor is to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. So that, to answer the question, that has been invalidated as a reason for sentencing. But it's for the underlying offense, right? I don't think that's clear. I think it's for the offense in general. When you think about the reasons behind a supervised release. So under this theory then, there are different kinds of violations you can have. One would be testing positive for marijuana. Another would be, you know, pistol whipping somebody and robbing them in broad daylight. And you're saying the judge is not allowed to consider the difference between, the qualitative difference between those things because it smacks of retribution? I do. I think that the judge can consider that in fastening a sentence under, it's reasoning under deterrence. Well, the breach of trust is still a valid consideration, right? Yeah. Breach of trust. And so aren't certain violations a more serious breach of trust than others? Yes, but I think a breach of trust is, you know, you're put out on supervised release and once you've breached that trust, you've breached that into, it's reasoning under deterrence, rehabilitation or incapacitation. But I think the plain language of Asteris, and also with the overall reasoning for sentencing violations of supervised release, you're really, you're sentencing a breach of trust. You're not sentencing the actual act in which they, that they admitted to or were convicted of. So that aligns with, you know, taking out retribution even for that offense. It's just, it's just not following the court's orders by committing a state crime, which is all that happened here. What are the considerations that affect the guideline, the increases in guidelines range for sentences for violations of supervised release? There's classifications of the violation specifications. They grade them A, B, and C. What are the characteristics of A, B, and C? It's, I mean, it's generally along the lines of the seriousness, but... Would you say that the Supreme Court has said that's not allowed to be considered? Seriousness is not allowed to be considered? Well, in its reasoning for opposing a specific sentence, that's what, that's the way Asteris reads. It doesn't purely talk about a previous crime. But you don't, you don't dispute that the guideline ranges operate on that basis, that the more serious the offense, the higher the guideline. More or less, but, but for example, this, this, this offense, which Judge Gardefee thought was very, very serious, was a low, had a low guidelines range because it was just committing a state offense. It didn't take into account... I'm talking about the, I'm talking about what Asteris mandates. Are you saying that Asteris means that the guideline ranges are now illegal because they're contradictory to Asteris, because they increase the range with increasing seriousness of the new offense? They increase in range based on the seriousness of the, the violation of the supervised release. So committing a state offense, which is the only thing that the defendant appellant was convicted of, was I think a grade C violation. And that's why the guidelines were only four to 10 months. It didn't, it didn't, it didn't take it into account whether that state violation was, you know, petty larceny or murder. It was just a state violation. All right. Well, I think we've heard what we'll hear. We've got the briefs for reserve decision. Thank you very much, both of you. Thank you.